UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| **TIMOTHY WILLIAMS, ERIK MCLEROY, ANDREW ATTAWAY AND JUSTIN COTA**, | ) ) ) | |
| | ) | |
| **Plaintiffs**, | ) | |
| | ) | |
| **v.** | ) | CIVIL ACTION FILE |
| | ) | NO. 1:17-CV-01849-LMM |
| **PRIME ENERGY SERVICES AND ROBERT JOSEPH SHAW, INC**., | ) ) | |
| | ) | |
| **Defendants**. | | |

---

## JOINT MOTION TO APPROVE SETTLEMENT OF AN FLSA CLAIM

---

Plaintiffs Timothy Williams, Erik McLeroy, Andrew Attaway, and Justin Cota, and Defendants Prime Energy Services, Inc. and Robert Joseph Shaw, by and through their respective counsel, jointly move this Court for approval of Plaintiffs' settlement of this matter with Defendants, and dismissal of this action against Defendants with prejudice. In support of this Motion, Plaintiffs and Defendants (collectively "the Parties") state as follows:

### 1.  STATEMENT OF THE CASE

This is a cause of action arising, partially, under the Fair Labor Standards Act ("FLSA") 29 U.S.C. §§ 201 *et seq.* Plaintiffs were commercial lighting technicians who worked for Defendants from the Fall of 2016 through January of 2017.

Plaintiffs allege that Defendants misclassified them as independent contractors and did not pay them an overtime premium as required.[1] Plaintiffs also assert that they were not paid the statutory minimum wage in some workweeks.

In addition, Plaintiffs allege that Defendants breached an oral contract by failing to pay for all work performed and, in the case of Williams, to reimburse him for a vehicle allowance.

Defendants deny that they "employed" Plaintiffs and further deny any liability to the Plaintiffs for wages under the FLSA or contractual damages. Rather, Defendants believe that Plaintiffs were properly classified and paid appropriately under the law and any contracts between the parties. Additionally, Defendants dispute that Plaintiffs worked the number of hours alleged in the lawsuit.

Despite these opposing views of the case, the Parties have agreed that it is in their best interests to settle this case to avoid further costs and uncertainty. As such, Plaintiffs entered a settlement agreement with Defendants to resolve this matter. Defendants and Plaintiffs believe that the settlement agreement they entered into is fair and reasonable under all the facts and circumstances. A copy of the settlement agreement executed between Plaintiffs and Defendants is attached as Exhibit 1.

---

[1] Plaintiffs' actual pay was based on a combination of a piece rate and an hourly rate.

In summary and as set forth in more detail below, each Plaintiff will receive from Defendants one hundred percent of the amount they believe they are owed for back wages under the FLSA, an equal amount in liquidated damages (from which a portion will be paid to counsel), plus a significant portion of the contractual damages they estimate they are owed.

## 2.   ARGUMENT

The parties to an FLSA action can resolve the dispute and enter into a valid waiver of the worker's FLSA claims in two ways.  First, a worker may settle and waive claims under the FLSA if the payment of unpaid wages to them is supervised by the Secretary of Labor. *See* 29 U.S.C. § 216(c); *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1353 (11th Cir. 1982).  Second, a worker may settle and waive claims under the FLSA if the parties present to a district court a settlement and the court enters a stipulated judgment approving the fairness of the settlement. *Id.* at 1353.

In discussing the approval of FLSA settlements, the Eleventh Circuit has noted:

> Settlements may be permissible in the context of a suit brought by employees under the FLSA for back wages because initiation of the action by the employees provides some assurance of an adversarial context.  The employees are likely to be represented by an attorney who can protect their rights under the statute.  Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought by an

> employer's overreaching.  If a settlement in an employee
> FLSA suit does reflect a reasonable compromise  over
> issues,  such  as  FLSA  coverage  or computation of
> back wages that are actually in dispute, we allow the
> district court to approve the settlement in order to promote
> the policy of encouraging settlement of litigation.

*Lynn's Food Stores*, 679 F.2d at 1354.

The Parties exchanged written discovery and took several depositions. The Parties reviewed each Plaintiff's pay and time records to calculate the amount of alleged overtime compensation owed under the terms of the Settlement Agreement. Plaintiffs also provided estimates of their contractual damages. Through discussions between their counsel, Defendants and Plaintiffs have reached a settlement that both parties agree is a fair and reasonable compromise of any FLSA claims that Plaintiffs have against Defendants.

The following chart summarizes each Plaintiff's estimated full damages (including liquidated damages), the amount each Plaintiff has agreed to resolve this matter for, and the attorney's fees (including the amount that Plaintiffs' counsel has agreed to compromise their fees):

| | Estimated Unpaid FLSA Wages | Estimated Liquidated Damages | Estimated Contractual Damages | Total Estimated Damages | Negotiated Settlement Amount | % of Negotiated vs. Total Estimated Damages |
|---|---|---|---|---|---|---|
| Williams | $2,457.16 | $2,457.16 | $1,134.00 | $6,048.31 | $5,581.00 | 92% |
| McLeroy | $1,554.84 | $1,554.84 | $2,077.00 | $5,186.67 | $4,408.00 | 85% |
| Attaway | $1,554.84 | $1,554.84 | $604.00 | $3,532.19 | $3,002.00 | 85% |
| Cota | $1,072.85 | $1,072.85 | $1,531.00 | $3,676.69 | $3,125.00 | 85% |
| Costs | | | | $704 | $704 | 100% |

| Attorney Fees | | | | $30,827 | $22,657.09 | 74% |
| Total | | | | $49,974.86 | $39,477.09 | 78.9% |

As noted above, each Plaintiff negotiated a resolution of at least 100 percent of all his estimated FLSA unpaid wages, the same amount as liquidated damages, and some portion of his contractual claims. Plaintiff's negotiated settlement amount will be, if the Court approves, reduced per their Retainer Agreement with counsel.

As of the drafting of this Motion, Plaintiff's counsel has accrued attorneys' fees of approximately $30,827 at rates that have previously been approved by courts in the Northern District. [2]

Plaintiffs' retainer agreement with Plaintiffs' counsel permits Plaintiffs' counsel to retain 25% of liquidated damages recovered as consideration for advancing

---

[2] Most recently, Judge Thrash approved these current rates in two FLSA matters: 1) *Villa-Garcia v. Latin Mundo #2, Inc., et.al.*, (1:17-cv-01834-TWT, Dkt.23 (2/20/2018)) and 2) *Floyd v. Blue Ivory Restaurant, LLC, et.al.* (1:17-CV-443-TWT, Dkt. 33 (4/25/2018)) In *Villa-Garcia*, Judge Thrash approved the proposed rates of $425 for partners, $325 for associate Matthew Herrington, $165 and $125 for paralegals Jessica Sorrenti and Sarah Toenes, respectively (Dkt 22,p. 8) holding, "The attorneys' fees including the rates charged by counsel . . . are reasonable and customary."  In F*loyd,* a contested damages hearing, the Court awarded (Dkt. 32) attorneys' fees as sought by Plaintiff at the same rates ($425 for partners; $325 for Mr. Herrington and $165 for Ms. Sorrenti, and $125 for Ms. Toenes presented at Dkt. 30-2, p. 4). My former $400 per hour rate has been approved by this Court as reasonable in, for example, *Christopher Cook v. Statewide Wrecker Service, Inc.,* 1:15-cv-00101-ODE (Dkt. 38, pp. 3-4); in *Maria and Tommy Reid v. Perksa, Inc. et al.,* 1:16-cv-00640-WCO (Dkt. 23); in *Forester v. Mdpons*, et.al., 1:15-cv-03378-ELR (Dkt.47, pg.11), and in *Miller v. Rockdale County,* 1:16-cv-04149-WSD (Dkt. 12, pg.4).

Plaintiffs' costs of litigation and the differing standards for awarding liquidated damages. This provision has been approved by numerous courts. [3]

After the deduction of twenty-five percent of liquidated damages, the final proposed distribution of the settlement proceeds are as follows:

|  | Final Proposed Allocation |
| --- | --- |
| Williams | $4,966.71 |
| McLeroy | $4,019.29 |
| Attaway | $2,635.98 |
| Cota | $2,856.79 |
| Attorneys' Fees and Costs | $24,998.51 |
| Total | $39,477.28 |

As the Court will note, payments will be made over twelve months. It is not unusual for FLSA settlement to be paid over time and Plaintiffs were able to maximize their recovery by agreeing to these payment terms.

---

[3] *See, e.g.*, *Moore v. Americus Restaurant Group, Inc.*, 1:17-cv-107(WLS), Dkt. 21 (M.D. Ga. October 6, 2017) (The Court approved the 25% arrangement noting that the "fee agreement to advance costs provided that Plaintiff may choose to personally bear the costs of litigation or have the firm hold him harmless in the event of no recovery for a fee of 25% of liquidated damages. Plaintiff chose the latter."). *Sheridan et al. v. Guided Systems Technologies, Inc.*, Civil Action No. 1:17-cv-1543-LMM, Dkt. 17 (N.D. Ga. Sept. 7, 2017); *Harris et al. v. Atlanta Home Care, Inc. et al.*, Civil Action no. 1:17-cv-1379-MHC, Dkt. 14 (N.D. Ga. Sept. 13, 2017); *Rawley et al. v. Tattle Tail, Inc. et al.*, Civil Action No. 1:15-cv-3550-AT, Dkt. 17 (N.D. Ga. April 13, 2016); *Miller v. Rockdale County, Georgia*, Civil Action No. 1:16-cv-4149-WSD, Dkt. 12 (N.D. Ga. June 21, 2017); and *Villa-Garcia v. Latin Mundo #2, Inc. et al.*, Civil Action No. 1:17-cv-1834-TWT, Dkt. 23 (N.D. Ga. Feb. 21, 2018).

If Defendants were to succeed on their defense that Plaintiffs were independent contractors, Plaintiffs would receive no damages whatsoever under the FLSA. Additionally, even if Defendants did misclassify Plaintiffs, Defendants assert that they did so based on their good faith belief that Plaintiffs were properly classified as independent contractors and that Plaintiff would not be entitled to liquidated damages. Moreover, Defendants also dispute that Plaintiffs worked the amount of hours that they alleged. Thus, the Parties believe the relatively minor compromise of the maximum amount Plaintiffs could recover if this case were tried is fair and reasonable under the circumstances.[4]

Additional factors also support this settlement. For example, Plaintiffs worked out of the state for a portion of the period for which they are now attempting to recover. As such, the Parties would incur significant expense interviewing and deposing witnesses that worked along side Plaintiffs in those states.

If settlement were not reached at this time, numerous depositions would have needed to be taken, dispositive motions would have been filed, and a trial (assuming the dispositive motions were denied) would be required. This would cause significant delay for both Parties in the resolution: Plaintiffs would need to take off work (thus, losing money from their current positions) to devote time to this matter and Defendants would need to shift resources to defend this matter. As a

---

[4] The reason the Plaintiffs' total percentages of recovery are not identical owes to the different ratios of purely *contractual* damages that each Plaintiff alleged.

result, this settlement is fair and reasonable to both sides, especially in light of the fact that this settlement provides for damages within the range Plaintiffs could have proven at trial (as set forth above).

### 3.    CONCLUSION

For the foregoing reasons, the Parties respectfully request that the Court approve the Settlement Agreement entered into between the Plaintiffs and Defendants. The Parties also request that the Court dismiss this action with prejudice, but retain jurisdiction to enforce the Parties' Settlement Agreement, if necessary. A proposed order is attached hereto for the Court's consideration.

Respectfully submitted, this 30th day of May 2018

**DeLong, Caldwell, Bridgers, Fitzpatrick & Benjamin, LLC**

/s/ Matthew W. Herrington
Charles R. Bridgers
Ga. Bar No. 080791
Matthew W. Herrington
Georgia Bar No. 275411

3100 Centennial Tower
101 Marietta Street
Atlanta, GA 30303
(404) 979-3150
(404) 979-3170 (facsimile)
charlesbridgers@dcbflegal.com
matthew.herrington@dcbflegal.com

Counsel for Plaintiffs

**Gregory, Doyle, Calhoun & Rogers, LLC**

/s/ William P. Miles, Jr.
Charles L. Bachman, Jr.
Georgia Bar No. 030545
William P. Miles
Georgia Bar No. 505828

49 Atlanta Street
Marietta, GA 30060
(770) 422-1776
(770) 426-6155 (facsimile)
cbachman@gregorydoylefirm.com
wmiles@gregorydoykefirm.com

Counsel for Defendants

## <u>CERTIFICATE OF COMPLIANCE</u>

This is to certify that **JOINT MOTION TO APPROVE SETTLEMENT AGREEMENT** has been prepared using Times New Roman font, 14 point type, which is one of the font and print selections approved by the Court in L.R. 5.1B.

This 30th day of May, 2018.

**GREGORY DOYLE, CALHOUN & ROGERS, LLC**
Attorneys for Defendants

*/s/ William P. Miles, Jr.*
William P. Miles, Jr.
Georgia Bar No. 505828

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| **TIMOTHY WILLIAMS, ERIK** | ) | |
| **MCLEROY, ANDREW ATTAWAY** | ) | |
| **AND JUSTIN COTA**, | ) | |
| | ) | |
| **Plaintiffs**, | ) | |
| | ) | |
| **v.** | ) | CIVIL ACTION FILE |
| | ) | NO. 1:17-CV-01849-LMM |
| **PRIME ENERGY SERVICES AND** | ) | |
| **ROBERT JOSEPH SHAW, INC**., | ) | |
| | ) | |
| **Defendants**. | | |

## CERTIFICATE OF SERVICE

I hereby certify that on the 30th day of May 2018, I electronically filed the

foregoing **JOINT MOTION TO APPROVE SETTLEMENT AGREEMENT**

with the Clerk of the Court using CM/ECF, which will automatically send e-mail

notification to all counsel of record.

> **GREGORY DOYLE, CALHOUN**
> **& ROGERS, LLC**
> Attorneys for Defendants
>
> */s/William P. Miles*
> Georgia Bar No. 505828

2410652_1.docx